UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

ADVANCED FIBER TECHNOLOGIES (AFT) TRUST,

|  |  |
|---|---|
| Plaintiff, | Civil Action No.: |
|  | 07-CV-01191 (LEK/DRH) |
| v. |  |
| J&L FIBER SERVICES, INC., |  |
| Defendant. |  |

------------------------------------------------------------------------

### ANSWER AND COUNTERCLAIM OF J&L FIBER SERVICES, INC.

Defendant, J&L Fiber Services, Inc. ("J&L Fiber") answers the Complaint of Advanced Fiber Technologies Trust ("AFT" or "Plaintiff") in accordance with the numbered paragraphs thereof as follows:

### PARTIES

1.      J&L Fiber lacks knowledge or information sufficient to form a belief about truth of the allegations.

2.      J&L Fiber admits that it is a Wisconsin Corporation with its principal place of business at 809 Philip Drive, Waukesha, Wisconsin, 53186.

### JURISDICTION AND VENUE

3.      J&L Fiber admits that this action arises under Title 35 of the United States Code Section 271, et seq. and involves a claim for patent infringement.

4.      J&L Fiber admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      J&L Fiber admits that venue is proper, but asserts that venue should be transferred to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404.

## BACKGROUND

6.      J&L Fiber lacks knowledge or information sufficient to form a belief about the truth of the allegations.

7.      J&L Fiber admits that it manufactures, markets, offers for sale and sells products including pulp screening components for the pulp and paper industry.

8.      J&L Fiber admits that it has solicited and transacted business in the Northern District of New York and continues to do so on occasion.  J&L Fiber denies the remaining allegations.

9.      J&L Fiber admits that on its face, '072 Patent is entitled "Screen Plates and Methods of Manufacture" and that a copy of that patent was attached as Exhibit A to the Complaint.  J&L Fiber denies the remaining allegations.  J&L Fiber affirmatively alleges that, because of the Reissue, the '072 Patent has been surrendered by Plaintiff and now has no force or effect.

10.     J&L Fiber lacks knowledge or information sufficient to form a belief about the truth of the allegations.

11.     J&L Fiber admits that Patent Office records and the Reissue reflect that AFT requested that the Patent Office reissue the '072 Patent on September 12, 2003.

12.     J&L Fiber admits the allegations, based on Patent Office records.

13.     J&L Fiber denies that the claims of the '072 Patent are identical to the claims of the Reissue.

14.     J&L Fiber denies the allegations.

1397375.1

**PURPORTED CAUSE OF ACTION FOR PATENT INFRINGEMENT**

15.　　J&L Fiber incorporates by reference and restates its responses to paragraphs 1 through 14, as if set forth in full herein.

16.　　J&L Fiber denies the allegations of paragraph 16.

17.　　J&L Fiber denies the allegations of paragraph 17.

18.　　J&L Fiber denies the allegations of paragraph 18.

19.　　J&L Fiber denies the allegations of paragraph 19.

20.　　J&L Fiber denies the allegations of paragraph 20.

21.　　J&L Fiber denies the allegations of paragraph 21.

22.　　J&L Fiber denies the allegations of paragraph 22.

**AFFIRMATIVE DEFENSES**

23.　　J&L Fiber has not and does not directly, indirectly, contributorily, and/or by inducement, infringe any valid claim of the Reissue, either literally or under the doctrine of equivalents.

24.　　The Reissue is invalid and/or unenforceable because it fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103, or 112.

25.　　The Reissue is invalid and/or unenforceable in whole or in part because of failure to comply with the requirements of 35 U.S.C. § 251.

26.　　The Plaintiff's claims are barred by the doctrines of laches and estoppel.

1397375.1

## COUNTERCLAIM FOR DECLARATORY RELIEF

27.     J&L Fiber incorporates by reference and restates paragraphs 1 through 26, as if set forth in full herein.

28.     On information and belief, Plaintiff and Counter-defendant, AFT is a Trust organized and existing under the laws of Canada, having its principal place of operation at 72 Queen Street, Sherbrooke, Quebec, Canada, J1M 2C3.

29.     Defendant and Counterclaimant, J&L Fiber, is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business at 809 Philip Drive, Waukesha, Wisconsin 53186.

30.     Subject matter jurisdiction for this counterclaim for declaratory relief is conferred on this Court by 28 U.S.C. §§ 1338(a), 2201 and 2202.

31.     On November 9, 2007, AFT commenced this civil action by filing a complaint in this Court claiming that J&L Fiber has infringed its patent rights.

32.     An actual controversy now exists between the parties with respect to the infringement, validity, and enforceability of the patent rights assert by AFT.

## INVALIDITY, NON-INFRINGEMENT AND UNENFORCEABILITY OF THE REISSUE PATENT

33.     J&L Fiber incorporates by reference and restates paragraphs 1 through 32, as if set forth in full herein.

34.     The Reissue and each and every claim therein is invalid and unenforceable for failure to meet the requirements of Title 35 of the United States Code.

35.     J&L Fiber does not infringe and has not infringed (either directly, contributorily or by inducement), any valid claim of the Reissue.

1397375.1

36.     The Reissue is unenforceable by reason of laches, estoppel and other equitable doctrines.

## PRAYER

WHEREFORE, J&L Fiber respectfully requests judgment in its favor and against AFT as follows:

1.     That AFT's Complaint be dismissed with prejudice, that judgment be entered in J&L Fiber's favor and against AFT and that AFT be denied all relief requested in its Complaint.

2.     That the Court enter a declaratory judgment that the claims of the Reissue are invalid, unenforceable and not infringed by J&L Fiber;

3.     That AFT and each of its officers, directors, employees, agents, servants, alter egos, attorneys and each person acting in concert or participation with any of the forgoing be restrained from further prosecuting or instituting any action against J&L Fiber, or its affiliates, that asserts the claims of the '072 Patent or its Reissue.

4.     For such other and further relief that this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure, Rule 38(b), J&L Fiber hereby demands a trial by jury of this action.

Dated:  February 22, 2008

BOND, SCHOENECK & KING, PLLC

By:_____
        Edward R. Conan (101387)
One Lincoln Center
Syracuse, NY  13202-1355
Phone:  (315) 218-8000
Fax:  (315) 218-8100

5

1397375.1

- and -

David R. Cross
Johanna M. Wilbert
QUARLES & BRADY LLP
411 East Wisconsin Ave.
Milwaukee, WI  53202-4497
Phone:  (414) 277-5000

Attorneys for Defendant,
  J&L Fiber Services, Inc.

1397375.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2008, I electronically filed the foregoing Answer and Counterclaim of J&L Fiber Services, Inc. with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Nicholas Mesiti, Esq.
Heslin, Rothenberg, Farley & Mesiti, P.C.
5 Columbia Circle
Albany NY 12203
E-mail: nm@hrfmlaw.com

Edward R. Conan

1397375.1