UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ADVANCED FIBER TECHNOLOGIES TRUST,

                            Plaintiff,

      -against-                               1:07-CV-1191 (LEK/DRH)

J&L FIBER SERVICES, INC.,

                            Defendant.
_____

**MEMORANDUM-DECISION AND ORDER**

On November 9, 2007, Plaintiff Advanced Fiber Technologies Trust ("Plaintiff" or "AFT") brought this action for patent infringement[1] arising under 35 U.S.C. § 271, *et seq.* against Defendant J&L Fiber Services, Inc. ("Defendant" or "J&L"). Compl. (Dkt. No. 1). On October 1, 2009, J&L filed a Motion for summary judgment (Dkt. No. 50), arguing that AFT's patent is invalid, or, if valid, not infringed upon, to which AFT filed a Response in opposition (Dkt. No. 75) ("AFT Resp. to J&L Summ. J. Mot."). Also on October 1, 2009, AFT filed its own Motion for partial summary judgment as to validity (Dkt. No. 51). J&L responded with a Memorandum in opposition (Dkt. No. 64). AFT then filed a Reply Memorandum in further support. Dkt. No. 82 ("AFT Reply Memorandum"). Presently before the Court is J&L's Motion to strike certain arguments from AFT's Reply Memorandum and for leave to file a sur-reply. Dkt. No. 90 ("Sur-Reply Motion").

**I.    BACKGROUND**

In this action, the parties have filed numerous motions, which, in turn, have received

---

[1]The patents at issue are: U.S. Patent No. 5,200,072 and its reissue, U.S. Patent No. RE 39,940. Throughout this Decision and Order, reference to AFT's "patent" designates the reissue.

responses in opposition and replies to those responses, often supported with lengthy exhibits and expert testimony. The instant Motion (Dkt. No. 90) involves a dispute over the appropriate contours of an argument initially advanced by AFT in its Response Memorandum in opposition to J&L's Motion for summary judgment on the issue of infringement (Dkt. No. 75), and then again, this time with newly specified references, in AFT's Reply Memorandum in support of its own Motion for partial summary judgment (Dkt. No. 82). The argument involves the date of issue of the Johnson Screen Brochure ("the Brochure"), which allegedly illustrates a prior art reference[2] that alone, or in combination with other references, invalidates the patent at issue in this action. See Sur-Reply Mot. (Dkt. No. 90) at 2-4; AFT Resp. to J&L Summ. J. Mot. (Dkt. No. 75) at 7-8; AFT Reply in Supp. of its Summ. J. Mot. (Dkt. No. 82) at 1, 7-8. J&L asserts that AFT includes arguments in its Reply Memorandum that it had never previously advanced and which J&L will not have an opportunity to rebut. Sur-Reply Mot. (Dkt. No. 90). J&L, therefore, seeks to strike this argument from AFT's Reply Memorandum or be granted leave to file a sur-reply. Id.

In its Response to J&L's Motion for summary judgment (Dkt. No. 75), AFT claimed that, contrary to J&L's contention that the Johnson Screen Brochure was published in 1989, the Brochure was not published prior to 1993. Id. 7-8. In support of this claim, AFT cites to trademarks identified within the Brochure that were not registered until 1993. Id. at 8. AFT then attempts to

---

[2]"Prior art" includes references that are relevant to the novelty and non-obviousness of the subject matter of a patent. It is knowledge available to the public either prior to a patent applicant's invention or greater than one year prior to the filing date of the patent application. See 35 U.S.C. § 102(a), (b). A prior art reference may be considered in contesting the validity of a later claim if it discloses the information designed to solve the same problems as the later invention or information that has other obvious uses beyond its main purpose that a person of ordinary skill in the art would reasonably examine in attempting to solve the problems addressed by the inventor. Graham v. John Deere Co. of Kansas City, 381 U.S. 1 (1966); KSR Int'l Co v. Teleflex, Inc., 550 U.S. 398 (2007).

raise issues of fact regarding the accuracy of J&L's witnesses' deposition testimony in which employees of Johnson Industrial Screens and the Risdall Agency, an advertising firm that produced the Brochure, declare that the Brochure was published in 1989. Id. at 8-10. In reply, J&L argues that the trademarks referenced in the Brochure were registered in the early to mid 1980's and only re-registered in 1993, and it provides the history of those trademarks; J&L also seeks to clarify and secure the deposition testimony that AFT attacks. Dkt. No. 86.

As noted above, AFT filed its own Motion for partial summary judgment on the issue of validity (Dkt. No. 51) to which J&L responded (Dkt. No. 64). In reply to J&L's response and in further support of its Motion for partial summary judgment, AFT argues that the "Brochure is not prior art because it includes . . . a United Kingdom company, 'UK Johnson Filtration Systems, Ltd.,' that was not incorporated until July 18, 1991 - after the April 16, 1990 patent filing date." Dkt. No. 82 at 1 (emphasis in original); see also id. at 7-8 (noting the reference to this same UK company). J&L now argues that this reference to the UK company should be stricken as inappropriate content for a reply brief, or, alternatively, that J&L should be granted leave to file a sur-reply to respond to this new argument, which it claims is based on an incomplete record that fails to disclose that another company, bearing the same name during the period in question, was incorporated in 1984, well before AFT's patent was filed. Sur-Reply Mot. (Dkt. No. 90).

**II.    DISCUSSION**

To prevent unfairness to the litigants, courts apply a general rule that "new arguments may not be made in a reply brief" Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999) (citing Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993)); see also Shanks v. Village of

3

Catskill Bd. of Trs., 653 F. Supp. 2d 158, 165 (N.D.N.Y. 2009).  With regard to the instant Motion, questions exist as to whether, given the respective burdens of the parties, AFT's reference to the UK company in its rely brief (Dkt. No. 82) was proper, and whether the reference to the company is a new argument or a proper extension of and response to prior filings by the parties.

Where a party moves for summary judgment and that party does not bear the burden of proof, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under the patent laws, a registered patent is presumed to be valid.  35 U.S.C. § 282.  A party claiming invalidity as a defense in a patent dispute can overcome this presumption "only through facts supported by clear and convincing evidence." SRAM Corp v. AD-II Eng'g, 465 F.3d 1351, 1357 (Fed. Cir. 2006).  The party asserting invalidity holds the burden of proof, and can meet its burden through showing, by clear and convincing evidence, the existence of qualifying prior art.  See Linear Tech. Corp. v. Int'l Trade Comm'n, 566 F.3d 1049, 1066 (2009); Z4 Tech., Inc. v. Microsoft Corp., 507 F.3d 1340, 1354 (Fed Cir 2007).

AFT asserts that its initial burden in filing its Motion for partial summary judgment (Dkt. No. 51) was discharged by its pointing out that the evidence relied upon by J&L for its invalidity defense, namely that the Brochure disclosed prior art as evidenced by the testimony of J&L's witnesses, was insufficient to prove, as a matter of law, that the Johnson Screen qualified as prior art.  Pl.'s Mem. of law in opp'n to Sur-Reply Mot. (Dkt. 93) ("Sur-Reply Opp'n Mem.") at 7. AFT's claim depends upon viewing the evidence that J&L presents in support of its invalidity argument insofar as it relates to the Brochure as consisting of the witnesses' depositions but not the content of the Brochure itself.  Id. at 8.  In AFT's view, J&L's Response Memorandum (Dkt. No.

64) made known, for the first time, that J&L was contending that the content of the Brochure is itself evidence that the asserted reference qualifies as prior art. Id. AFT claims that its "reply brief merely extends the arguments made in AFT's initial moving papers (i.e., the Johnson Screens Brochure is not prior art), and counters the points raised in Defendant's Opposition (i.e., that the content of the Brochure purportedly proves it was printed and publicly disseminated in 1989) by pointing out that the content of the Brochure includes a UK entity that did not exist in August of 1989." Id.

     This argument fails. First, it rests on an untenable premise, namely that J&L's evidence that the Brochure qualified as prior art consisted of the deposition testimony of the Johnson Screens and Risdall Agency employees but not the content of the Brochure itself. Second, AFT's claim that the content of the Brochure was first raised as evidence that the Brochure qualifies as prior art in J&L's response (Dkt. No. 64) only shows how intertwined the content of the Brochure and the deposition testimony are, and how J&L has relied upon both in raising its invalidity defense. AFT claims that J&L raised this argument for the first time in its Memorandum in opposition to AFT's Motion for partial summary judgment (Dkt. No. 64) when J&L explicitly "relie[d] on the content of the publication itself (i.e., the 'ISO889' designation) to purportedly prove that the Brochure was publically available prior to the critical date," see Sur-Reply Opp'n Mem. (Dkt. No. 92) at 8. AFT claims that this reference to the ISO889 designation made the content of the Brochure evidence that the Brochure qualified as prior art. AFT then claims that its Reply Memorandum, which references the UK Company mentioned in the Brochure, was a proper reply to an issue raised in J&L's response. Id.

J&L's response brief, however, references the ISO889 designation when discussing the testimony of Ms. Becker, the Risdall Agency employee: "Ms. Becker testified that the routine practice and procedure of the Risdall Agency was to date brochures for Johnson Screens right after the last changes were made, and then to print the brochure. She explained that the 'IS0889' designation on the last page of the brochure means it was printed and published in August of 1989." J&L's Mem. in opp'n to Pl.'s Summ. J. Mot. (Dkt. No. 64) at 4. The deposition testimony and the content of the Brochure are, thus, intricately intertwined and both are evidence, produced by J&L, that the asserted prior art qualifies as such. See Z4 Tech., 507 F.3d at 1354. The Court, therefore, finds that the content of the Brochure was evidence of the existence of prior art, and that if AFT wished to point to its insufficiency in establishing the date of publication, it should have raised such arguments, including mention of the UK Company, in its original Motion for partial summary judgment and not raise this new point in its reply brief.

AFT's reference to UK Johnson Filtration Systems, Ltd. and its argument that this company was not incorporated until after the patent filing date (Dkt. No. 82 at 1, 7-8) are new arguments made in a reply brief. As such, the Court will strike them from consideration of AFT's Motion for partial summary judgment (Dkt. No. 51). Given this finding, there is no reason for J&L to file a sur-reply to rebut the new argument made by AFT in its reply brief.

## IV. CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to strike and for leave to file a sur-reply (Dkt. No. 90) is **GRANTED** consistent with this opinion; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   May 12, 2010
           Albany, New York

Lawrence E. Kahn
U.S. District Judge