**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADVANCED FIBER TECHNOLOGIES (AFT) TRUST, )<br>)<br>*Plaintiff/Counter-Defendant*, )<br>)<br>v.  )<br>)<br>J&L FIBER SERVICES, INC., )<br>)<br>*Defendant/Counter-Plaintiff*. )<br>)<br>_____) | Civil Action No.:<br>1:07-CV-1191<br><br>LEK/DRH |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

                        Nicholas Mesiti, Esq.
                        Brett Hutton, Esq.
                        Alana M. Fuierer, Esq.
                        Shanna K. O'Brien, Esq.
                        HESLIN ROTHENBERG FARLEY & MESITI P.C.
                        5 Columbia Circle
                        Albany, New York  12203
                        Telephone: (518) 452-5600
                        Facsimile:  (518) 452-5579

                        *Attorneys for Plaintiff*

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................... ii

INTRODUCTION .........................................................................................................................1

ARGUMENT.................................................................................................................................2

    I.       Defendant Failed to Meet the Standard Required for Reconsideration ...................2

           A.      Defendant Waived Any Summary Judgment Arguments of Non-
Infringement Under the Doctrine of Equivalents..........................................3

           B.      Defendant Could Have Raised an Equivalents and Disclosure-Dedication
Argument Regarding Wedgewire on Summary Judgment ..........................4

           C.      The Doctrine of Equivalents Presents a Question of Fact Which is
Inappropriate for Summary Judgment or Reconsideration..........................4

    II.      The Disclosure-Dedication Rule is Inapplicable to the Present Case......................5

           A.      Wedgewire is Not Unclaimed Subject Matter .............................................5

                  i.       The Claims of the '940 Patent Broadly Recite a "Screening
Medium" ........................................................................................6

                  ii.      There are No Limitations that Expressly Exclude Wedgewire........7

           B.      Wedgewire is Not Disclosed as an Alternative to Any Claim Limitation...9

           C.      Application of the Disclosure-Dedication Rule is Not Consistent with the
Rule's Intended Purpose ..............................................................................9

CONCLUSION................................................................................................................11

**TABLE OF AUTHORITIES**

*Cases:*

*Brown v. Middaugh*, No. 96-CV-1097, 1999 WL 242662 (N.D.N.Y.  Apr. 21, 1999).................. 2

*Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169 (S.D.N.Y. 1988) ............................................... 3

*Davidson v. Scully*, 172 F.Supp.2d 458 (S.D.N.Y. 2001)................................................................ 2

*Delaney v. Selsky*, 899 F.Supp. 923 (N.D.N.Y. 1995).................................................................... 2

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005 (Fed. Cir. 2006) ................ 4

*Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782 (2d Cir.),
   cert. denied, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983) .......................................... 2

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 336 U.S. 271,
   69 S.Ct. 535, 93 L.Ed. 672 (1949) ............................................................................................ 6

*Johnson & Johnson Assocs., Inc. v. R.E. Serv. Co., Inc.*,
   285 F.3d 1046 (Fed. Cir. 2001)................................................................................... 5, 6, 7, 8

*Maxwell v. J. Baker, Inc.*, 86 F.3d 1098 (Fed. Cir. 1996)........................................................ 7, 8, 9

*Pfizer, Inc. v. Teva Pharm. USA, Inc.*, 429 F.3d 1364 (Fed. Cir. 2005) ..................................... 5, 6

*PSC Computer Prods, Inc. v. Foxconn Int'l,* 355 F.3d 1353 (Fed. Cir. 2004) ....................... 5, 6, 7

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255 (2d Cir. 1995) ..............................................................2

*Zoll v. Jordache Enterprises Inc.,* No. 01-CV-1339, 2003 WL 1964054
   (S.D.N.Y. April 24, 2003).........................................................................................................3

**Introduction**

Plaintiff Advanced Fiber Technologies Trust ("AFT") respectfully opposes Defendant J&L Fiber Services, Inc.'s Motion for Reconsideration (Docket Entry ("D.E.") 115) of the Court's Memorandum-Decision and Order dated September 13, 2010 (D.E. 114) ("Motion for Reconsideration")[1]. Defendant's Motion for Reconsideration should be denied because Defendant improperly uses this motion as a vehicle to raise new arguments regarding the doctrine of equivalents and the disclosure-dedication rule. There has been no intervening change in the controlling law, there is no new evidence that was previously unavailable, there was no clear error of law, and reconsideration is not necessary to prevent manifest injustice. Instead, Defendant submits new arguments not previously made in an attempt to plug the gaps in its motion for summary judgment. Defendant's motion falls short of the strict standard required for reconsideration, and should be denied on this basis alone.

In addition to being improperly raised for the first time on reconsideration, Defendant's new disclosure-dedication argument is without merit. The disclosure-dedication rule does not, as Defendant argues, prohibit AFT from contending that wedgewire is an equivalent to a "perforated" barrier. As discussed more fully herein, the applicability of the disclosure-dedication rule is limited to circumstances where the claim includes a limitation that expressly excludes an alternative, unclaimed embodiment. Claims 1 and 10 of the '940 Patent recite a "screening medium" and thus, do not exclude a wedgewire screening medium.

---

[1] AFT has also moved for reconsideration (D.E. 116) of the Court's Memorandum-Decision and Order dated September 13, 2010 (D.E. 114). Specifically, AFT has asked the Court to reconsider its interpretation of the claim term "screening medium" as excluding wedgewire screens. In the Order, the Court interpreted "screening medium" to be a "perforated barrier", and further interpreted the non-claim term "perforated" as "made by puncturing or piercing". Should the Court grant AFT's Motion for Reconsideration, Defendant's Motion for Reconsideration will become moot.

1

Additionally, application of the disclosure-dedication rule to this case is not consistent with the rule's intended purpose, i.e., to prevent the patentee from filing and prosecuting narrow claims, which expressly exclude subject matter, and then, during the course of litigation, expanding its exclusive rights under the doctrine of equivalents, *thereby avoiding examination of the broad subject matter*. The claims, as originally filed, broadly recited a "screening medium". Prior art disclosing wedgewire screens was specifically considered by the U.S. Patent and Trademark Office during the prosecution of the '940 Patent. Furthermore, claim 18 of the '940 Patent, which was examined and allowed, covers a wedgewire construction. Therefore, examination of broad subject matter, (i.e., "screening medium"), which included wedgewire screens occurred. In this situation, the disclosure-dedication rule is inapplicable.

## Argument

### I. Defendant Failed to Meet the Standard Required for Reconsideration

On reconsideration, Defendant improperly argues for the first time that AFT should be prohibited under the disclosure-dedication rule from contending that wedgewire is the equivalent of a "perforated" barrier. It is well-settled that "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court." *Davidson v. Scully,* 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001), citing, *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). Put simply, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of by prior rulings *or to put forward additional arguments that a party could have made but neglected to make before judgment*." *Brown v. Middaugh,* No. 96-CV-1097, 1999 WL 242662, *1 (N.D.N.Y. Apr. 21, 1999).

There are only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in the controlling law; (2) new evidence not previously

available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky,* 899 F.Supp. 923, 925 (N.D.N.Y. 1995), citing, *Doe v. New York City Dep't of Soc. Servs.,* 709 F.2d 782, 789 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). These strict limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters. *Zoll v. Jordache Enterprises Inc.,* No. 01-CV-1339, 2003 WL 1964054, at *2 (S.D.N.Y. April 24, 2003), quoting, *Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y. 1988). Defendant has demonstrated no viable ground for reconsideration.

### A. Defendant Waived Any Summary Judgment Arguments of Non-Infringement Under the Doctrine of Equivalents

Defendant waived any summary judgment arguments of non-infringement under the doctrine of equivalents and the disclosure-dedication rule. These arguments could have been raised in Defendant's Motion for Summary Judgment (D.E. 50), but instead, Defendant elected to seek summary judgment of non-infringement based solely on literal infringement. (J&L Fiber's Memorandum of Law in Support of its Motion for Summary Judgment (D.E. 50-41), pgs. 16-20). Defendant could have moved for summary judgment of non-infringement based upon the doctrine of equivalents with respect to wedgewire (or any other claim element), but neglected to do so. *Brown*, 1999 WL 242662 at *1. In fact, Defendant specifically argued that infringement under the doctrine of equivalents cannot be determined on summary judgment. (*See*, J&L Fiber Services, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment on the Issue of Infringement (D.E. 39), pg. 24). Accordingly, Defendant is prohibited from filling the gaps of its motion for summary judgment of non-

3

infringement by advancing new arguments under the doctrine of equivalents. *Zoll,* No. 01-CV-2003 WL 1964054 at *2.

### B. Defendant Could Have Raised an Equivalents and Disclosure-Dedication Argument Regarding Wedgewire on Summary Judgment

In an attempt to justify its improper Motion for Reconsideration, Defendant argues that it did not have the occasion to address the disclosure-dedication rule on summary judgment because the rule did not become clearly relevant until the Court's recent construction of the term "perforated". This argument fails. On summary judgment, Defendant argued non-infringement of claims 1 and 10 based upon the same definition of "perforated" as adopted by the Court in its September 13th Order.

Specifically, Defendant argued that claims 1 and 10 were not infringed because Defendant's V-MAX does not include a "screening medium" as the term is "properly construed to include a plate that has been pierced or punctured with holes." (J&L Fiber Services, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment on the Issue of Infringement (D.E. 39), pg. 23). **Defendant further argued that, for purposes of the doctrine of equivalents, wedgewire is not an equivalent of a "perforated" barrier.** (*Id*. at pg. 24). Thus, whether wedgewire is an equivalent of a "perforated" barrier was clearly relevant on summary judgment. Defendant could have, and should have, submitted arguments under the disclosure-dedication rule, but neglected to do so. Defendant's new arguments on reconsideration are improper, and its motion should be denied on this basis.

### C. The Doctrine of Equivalents Presents a Question of Fact Which is Inappropriate for Summary Judgment or Reconsideration

Finally, whether wedgewire is an equivalent to a "perforated" barrier is a question of fact, which is not appropriate for resolution on summary judgment or reconsideration. *DePuy Spine,*

4

*Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005, 1013 (Fed. Cir. 2006). Defendant admitted as much in arguing against AFT's Motion for Summary Judgment of Infringement. *See*, J&L Fiber Services, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment on the Issue of Infringement (D.E. 39), pg. 24 ("there would be a fact dispute about whether a wire bar construction would be an equivalent to a perforated metal plate…"). Accordingly, Defendant's Motion for Reconsideration should be denied.

## II. The Disclosure-Dedication Rule is Inapplicable to the Present Case

Federal Circuit precedent applying the disclosure-dedication rule is limited to patents wherein *unclaimed* subject matter, which is expressly excluded from the claim language itself, is disclosed as an *alternative* to the relevant *claim limitation*. *See*, *Pfizer, Inc. v. Teva Pharm. USA, Inc.*, 429 F.3d 1364, 1378-79 (Fed. Cir. 2005); *Johnson & Johnson Assocs., Inc. v. R.E. Serv. Co., Inc.*, 285 F.3d 1046 (Fed. Cir. 2001); *PSC Computer Prods, Inc. v. Foxconn Int'l*, 355 F.3d 1353 (Fed. Cir. 2004). The disclosure-dedication rule is not applicable to the present case because: (i) the claim language of the '940 Patent is broad enough on its face to cover a wedgewire screening medium; and (ii) there are no claim limitations in the '940 Patent that expressly exclude a wedgewire screening medium. Additionally, the rule is inapplicable because wedgewire is not disclosed as an *alternative* to any claim limitation found in the '940 Patent. Finally, application of the disclosure-dedication rule to the present case would be contrary to the rule's intended purpose.

### A. Wedgewire is Not Unclaimed Subject Matter

The disclosure-dedication rule has only been applied in cases wherein subject matter, which is expressly excluded from the claim language, is disclosed in the specification, *but not claimed*. The disclosure-dedication rule is not applicable in cases involving broad claim

language that encompasses the alternate embodiment at issue, or in cases involving claim language that does not expressly exclude the alternate embodiment. *Id*; *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672 (1949).

        i.        <u>The Claims of the '940 Patent Broadly Recite a "Screening Medium"</u>

The disclosure-dedication rule does not apply where the claim language is broad enough on its face to cover multiple embodiments. *See*, *Graver Tank*, 336 U.S. 271. By filing broad claims directed to a "screening medium", AFT cannot be said to have dedicated a wedgewire screening medium embodiment to the public. *Id*. The term "screening medium" is broad enough to cover different types of screening media and does not expressly exclude wedgewire.

In *Graver Tank*, the Supreme Court affirmed the infringement of certain claims directed to a composition containing "alkaline earth metal silicate." The accused product contained manganese silicate, which is not an alkaline earth metal silicate. However, the specification disclosed that manganese silicate could also be used. The Supreme Court affirmed the finding of infringement under the doctrine of equivalents because, as issued, the patent included a broad composition claim drawn to a material comprising "metallic silicate and calcium fluoride." Manganese silicate is a type of metallic silicate. By filing the broad claim that encompassed manganese silicate, the patentee could not be said to have dedicated such an embodiment to the public, even though the broad claim was later held invalid. Moreover, the dissenting opinions by Justices Black and Douglas in *Graver Tank* make clear that the issue of dedication to the public was considered and rejected by the Court. *Graver Tank*, 339 U.S. at 614-18. Similarly, AFT cannot be found to have dedicated wedgewire to the public, because the claims, as examined by the PTO, broadly recite a "screening medium".

      ii.  <u>There are No Limitations that Expressly Exclude Wedgewire</u>

  Application of the disclosure-dedication rule has been limited to patents with claim language that expressly excludes the alternative, unclaimed subject matter. *See*, *e.g.*, *PSC Computer*, 355 F.3d 1353; *Johnson & Johnson*, 285 F.3d 1046; *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098 (Fed. Cir. 1996). For example, the rule prevents a claim expressly limited to "**plastic** parts" from being enforced against an infringer with "**metal** parts", where metal parts were disclosed in the patent as an alternative to plastic parts. *See*, *PSC Computer*, 355 F.3d 1353. Similarly, the rule prevents a patentee that has expressly claimed an "**aluminum** substrate" from enforcing the claim against an infringer with a "**steel** substrate", where the patent specifically discloses, but does not claim, a steel substrate as an alternative to an aluminum substrate. *See*, *Johnson & Johnson*, 285 F.3d at 1049. In this case, the disclosure-dedication rule does not apply because the claims recite a "screening medium", which does not expressly exclude wedgewire. Thus, the cases cited by Defendant that have applied the disclosure-dedication rule to limit arguments under the doctrine of equivalents are distinguishable from the present case.

  In *PSC Computer Prods, Inc. v. Foxconn Int'l*, the Federal Circuit found that specifically disclosed but unclaimed alternatives, namely "**plastic parts**," were dedicated to the public when only "**metal parts**" were claimed. *See*, *PSC Computer*, 355 F.3d 1353 (Fed. Cir. 2004). Metal and plastic are alternative embodiments, and the metal limitation clearly excludes plastic. There are no such limitations in the '940 Patent that would expressly exclude wedgewire. For example, the '940 Patent does not expressly recite a screening medium made by "puncturing" or "piercing" or a "non-wedgewire" screening medium. Rather, the claim broadly recites a "screening medium".

In *Johnson & Johnson Assocs., Inc. v. R.E. Serv. Co., Inc.*, the patent claims were clearly limited to the use of "aluminum" as the substrate during the manufacture of circuit boards. The specification stated that "[w]hile aluminum is currently the preferred material for the substrate, other metals, such as stainless steel or nickel alloys may be used." *Johnson & Johnson*, 285 F.3d at 1049. The patentee attempted to enforce its patent against an infringer using a steel substrate, but was prohibited from doing so under the disclosure-dedication rule. According to the Federal Circuit, "having disclosed without claiming the steel substrates, [the patent owner] cannot now invoke the doctrine of equivalents to extend its aluminum limitation to encompass steel." *Id*. at 1050. Again, the claim limitation at issue in *Johnson & Johnson* (**aluminum**) specifically excluded the unclaimed, alternative embodiment (**steel**).

Finally, in *Maxwell v. J. Baker, Inc.*, the patent disclosed two distinct, alternative ways in which pairs of shoes are attached for sale, and expressly claimed only one of them. By disclosing two distinct embodiments, but claiming only one, the patentee avoided examination of the unclaimed alternative. For this reason, the Federal Circuit denied the patentee the opportunity to enforce the unclaimed embodiment. *Maxwell*, 86 F.3d 1098.

There are no limitations in the '940 Patent that expressly exclude wedgewire. The '940 Patent claims recite a "screening medium", not a "punctured or pierced screening medium". Thus, unlike the cases cited by Defendant, the claims of the '940 Patent do not expressly exclude the equivalent feature. In fact, the claims (e.g., claim 18), specification and prosecution history of the '940 Patent make clear that "screening medium", as claimed, encompasses a wedgewire construction.

8

### B. Wedgewire is Not Disclosed as an Alternative to any Claim Limitation

The Federal Circuit has made clear that "before unclaimed subject matter is deemed to have been dedicated to the public, that unclaimed subject matter must have been identified by the patentee as *an alternative to a claim limitation*." *Pfizer*, 429 F.3d at 1379 (emphasis added)(finding that patentee did not dedicate subject matter to the public because the alleged unclaimed subject matter was not specifically identified as being an alternative to the claim limitation). Defendant's argument fails because it erroneously presupposes that the claims of the '940 Patent expressly recite a limitation that the screening medium be formed of a perforated barrier *that is made by puncturing or piercing*. The claims of the '940 patent express no such limitation. In fact, there is no mention anywhere in claims or specification of the '940 Patent of screening media made by puncturing or piercing. Therefore, wedgewire cannot have been specifically disclosed as an alternative to a "punctured" or "pierced" screening medium, because there is no such "punctured" or "pierced" limitation disclosed or claimed in the '940 Patent.

In the present case, the relevant claim limitation is "screening medium". As discussed herein, the prosecution history and specification make clear that "wedgewire" and the claimed "screening medium" are not distinct alternatives. Therefore, the disclosure-dedication rule is not applicable to the present case because wedgewire is not specifically disclosed an alternative to any claim limitation.

### C. Application of the Disclosure-Dedication Rule is Not Consistent with the Rule's Intended Purpose

The disclosure-dedication rule has a limited and clearly defined purpose. Specifically, the rule operates to prevent the patentee from filing and prosecuting narrow claims and then, during the course of litigation, expanding its rights under the doctrine of equivalents, *thereby avoiding examination of the broad subject matter*. *See*, *Maxwell*, 86 F.3d at 1107. This is not

9

such a case. As discussed above, AFT submitted its broadest claims to the PTO for examination (i.e., claims directed to a "screening medium"), which encompass a screening medium made of wedgewire.

During prosecution of the '940 patent, the Patent Office initially rejected the claims over Gillespie finding that Gillespie discloses a screening medium. (D.E. 60-6 at pgs. 14-38[2]). However, the screening medium disclosed in Gillespie *is a wedgewire screening medium*, shown below:



*See e.g.*, Gillespie, Figs. 1, 3; col. 2, lines 34-36, col. 2, lines 33-44. The claims of the '940 Patent were ultimately allowed over Gillespie. However, at no point during prosecution did AFT distinguish Gillespie from the claims of the '940 Patent based upon Gillespie's wedgewire screen, or otherwise dedicate wedgewire to the public.

The Patent Office clearly recognized that wedgewire screening media are covered by the '940 Patent claims directed to a "screening medium". Defendant's disclosure-dedication argument may have been applicable *if* the PTO considered only prior art disclosing screening mediums made by puncturing or piercing, and AFT later attempted to expand the claims to encompass wedgewire. However, during prosecution, the PTO explicitly considered prior art

---

[2] The citations to D.E. 60-6 refers to the page number(s) identified in the Court's ECF filing header in the upper right-hand corner of the document.

(*e.g.*, Gillespie) disclosing a wedgewire screening medium. (D.E. 60-6 at pgs. 14-38).  Thus, AFT is not trying to expand its rights to include subject matter that was not examined by the PTO.

Moreover, the PTO examined and allowed claim 18, which is directed to the manufacture of a screen that includes a wedgewire construction.  Specifically, the steps disclosed in claim 18 result in a screening plate with *elongated, substantially parallel grooves*, which encompass a wedgewire construction.  Because the PTO expressly considered prior art and claims directed to wedgewire screening media, application of the disclosure-dedication rule to the present case would be inconsistent with the rule's intended purpose.

## Conclusion

Based upon the foregoing, AFT respectfully requests that Defendant's Motion for Reconsideration be denied.

                                                Respectfully submitted,

Dated: October 26, 2009            /s/ Nicholas Mesiti
                                            Nicholas Mesiti, Esq.
                                            Brett Hutton, Esq.
                                            Alana M. Fuierer, Esq.
                                            Shanna K. O'Brien, Esq.
                                            HESLIN ROTHENBERG FARLEY & MESITI P.C.
                                            5 Columbia Circle,
                                            Albany, New York 12203-5160
                                            Telephone: (518) 452-5600/Fax:  (518) 452-5579
                                            *Attorneys for Plaintiff*